UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
CIBELE REZENDE DE SOUZA,        )
                                )
               Petitioner,      )
                                )
v.                              )
                                )    Civil Action
DAVID WESLING, Boston Field Office )  No. 25-cv-13669-PBS
Director, U.S. Immigration and  )
Customs Enforcement and Removal )
Operations ("ICE/ERO"), et al., )
                                )
               Respondents.     )
_____)
```

ORDER

December 8, 2025

Saris, J.

    Petitioner Cibele Rezende De Souza ("Petitioner"), a citizen of Brazil, brings this habeas petition under 28 U.S.C. § 2241 to challenge her immigration detention without a bond hearing. Petitioner entered the United States without inspection in November 2021 and was detained at the border by the U.S. Department of Homeland Security. About two months later, Petitioner was paroled into the country under 8 U.S.C. § 1182(d)(5)(A). She currently resides in Massachusetts. On or about December 4, 2025, U.S. Immigration and Customs Enforcement detained Petitioner when she appeared for a routine check-in at its Boston Field Office.

    The parties disagree as to whether Petitioner is subject to discretionary detention with the right to a bond hearing under 8

1

U.S.C. § 1226(a) or mandatory detention without a bond hearing under 8 U.S.C. § 1225(b). In the government's view, § 1225(b) governs Petitioner's detention because, although she was detained while residing in the United States, she was never admitted to the country and remains an "applicant for admission." The Court recently rejected this argument about the scope of § 1225(b) in Guerrero Orellana v. Moniz, __ F. Supp. 3d __ (D. Mass. 2025) [2025 WL 2809996]. The government concedes that "[s]hould the Court apply the reasoning of Guerrero Orellana, it would reach the same result and order a bond hearing" in this case. Dkt. 11 at 1-2. The Court sees no reason to deviate from its prior ruling on this issue. Given the government's concession and for the reasons stated in Guerrero Orellana, the Court concludes that Petitioner is subject to discretionary detention under § 1226(a) and may seek release from custody at a bond hearing in immigration court.

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless she is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), no later than December 12, 2025.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge